THE BOARD OF COMMISSIONERS OF MORGAN COUNTY and Another *v.* THE BOARD OF COMMISSIONERS OF HENDRICKS COUNTY and Another.

TAX.—*Change of County Boundary.*—Where the boundary between two counties is changed, under the statute (1 G. & H. 192, sec. 2), after the assessors of the townships embracing the territory transferred have made their enlistments for the current year, and after the time for making and returning such enlistments has passed, the county from which such territory is detached, and not that to which it is transferred, is entitled to assess, collect, and retain the taxes for that year in such transferred territory.

SAME.—A majority of the legal voters residing in certain territory constitu-

Board of Com'rs of Morgan Co. *et al. v.* B'rd of Com'rs of Hendricks Co. *et al.*

ting a part of the county of M., abutting upon the county of H., petitioned the board of commissioners of these counties for such change in the boundaries thereof that said territory might be detached from M. and annexed to H. The order granting the change was made by the commissioners of M. on the 8th of June, 1868, and by the commissioners of H. on the 9th of the same month. The rate of taxation was fixed by the commissioners of M. on the 9th, and by the commissioners of H. on the 11th of said month. Prior to the making of any of said orders, the assessors of the townships of M. embracing the detached territory made their enlistments and returned their lists of taxables to the auditor of M. county, who placed all the persons and property on the tax duplicate for said year. At the proper time, this duplicate was placed in the hands of the treasurer of M. county, who proceeded to collect the tax thus assessed from the persons residing in said detached territory, under a claim of right on behalf of M. county.

*Held,* that the county of H. had no cause of action against the county of M.

*Held,* also, that if under the law the taxes in question did not belong to the county of M., then she, if liable to any one, was liable to each person from whom such taxes were so wrongfully collected.

*Held,* also, that such taxes were properly assessed and collected by M. county.

APPEAL from the Marion Circuit Court.

GREGORY, J.—This case was submitted to the court below "upon an agreed statement of facts," under section 386 of the code. 2 G. & H. 222-3.

A majority of the legal voters residing in territory constituting a part of Morgan county, abutting upon Hendricks, petitioned the boards of commissioners of these counties for such change in the boundaries thereof that said territory should be detached from Morgan and annexed to Hendricks.

The order granting the change was made by the commissioners of Morgan county on the 8th, and by the commissioners of Hendricks on the 9th of June, 1868.

The rate of taxation was fixed by the commissioners of Morgan county on the 9th, and by the commissioners of Hendricks on the 11th of June, 1868.

Prior to the making of any of said orders, the assessors of the townships of Morgan county embracing the detached territory had made their enlistments and returned their lists of taxables to the auditor of Morgan county, who placed all the persons and property on the "tax duplicate" for the year 1868. At the proper time, this duplicate was

placed in the hands of the treasurer of Morgan county, who proceeded to collect the taxes thus assessed from the persons residing in said detached territory, under a claim of right on behalf of Morgan county. Hendricks demanded of Morgan county the taxes thus collected within the detached territory. Upon these facts the parties submitted the legal questions involved to the court below. The court found for Hendricks county against Morgan. Motion for a new trial was overruled.

It is very clear, that, under these facts, Hendricks county has no cause of action against Morgan county. If, under the law, the taxes in question did not belong to Morgan county, then she was a wrong doer in the collection thereof; and, if liable to any one, she is liable to each person from whom such taxes were so wrongfully collected.

But it is clear to our minds that the taxes were properly assessed and collected by Morgan county.

The statute provides, that " all liens, either by judgment, by mortgage, or otherwise, shall continue in full force in all respects, as if no change had been made in the boundaries of said counties; and all taxes that shall be levied and assessed at the time such change shall be made, shall be collected in the same manner as if no change had been made in the boundaries of said counties." 1 G. & H. 193.

The act for the valuation and assessment of the real and personal property and the collection of taxes in this State provides, that " every person shall be listed in the township where he resides when the enlistment is made, for all personal estate owned by him on the first day of January of the year in which the enlistment is made, including all personal estate in his possession, or under his control as trustee, guardian, executor, or administrator. Every person shall be listed in the township where he resides when the enlistment is made, for all lands by him owned within such township, on the first day of January in which the enlistment is made, and occupied by him or wholly unoccupied, including all such real estate owned or held by him as trus-

tee." 1 G. & H. 71, secs. 13, 14. This enlistment is required to be made between the first day of January and the first day of May in each year (1 G. & H. 72, sec. 22), and returned to the county auditor on or before the fourth Monday of May (1 G. & H. 87, sec. 13).

The lien for taxes on real estate attaches on the first day of January. 1 G. & H. 99, 100, sec. 112.

*Harman* v. *The Inhabitants of New Marlborough*, 9 Cush. 525, is in point. Under the statutes of that state, the taxes attached on the first of January; between which time and the fourth Monday of May the enlistment was required to be made and returned. No change in the county boundary after that time could affect the liability of the tax payer in the detached territory.

We must give the words "levied and assessed" a reasonable construction in view of the entire provisions of the act authorizing the change of county boundaries. Hendricks county could not, under the law, have made the enlistment after the 9th of June. There is an entire absence of any provision for making a transfer of any portion of the tax duplicate from one county to the other. A change of residence after the enlistment is made would certainly not discharge the liability for the taxes of the current year.

The court below erred in overruling the motion for a new trial.

Judgment reversed, with costs; cause remanded, with directions to grant a new trial, and for further proceedings in accordance with this opinion.

*W. R. Harrison* and *W. S. Shirley*, for appellants.

*L. M. Campbell*, for appellees.